IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WAYNE P. COCKRELL, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | |
| v. | § | No. 3:08-CV-0128-K |
| | § | |
| UNITED PARCEL SERVICE, INC., | § | |
| (OHIO), | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant United Parcel Service, Inc.'s Motion for Summary Judgment (Doc. No. 21). Because there are no genuine issues of material fact, the Court **GRANTS** the motion and enters summary judgment for Defendant.

Because Plaintiff subsequently filed supplemental authorities with the Court covering the same issue, Plaintiff's Motion for Leave to File Sur-Reply (Doc. No. 35) is **DENIED as moot**.

## I.     Factual and Procedural Background

Plaintiff Wayne P. Cockrell ("Cockrell") is a former driver for Defendant United Parcel Service, Inc. ("UPS") at its hub facility in Mesquite, Texas. Cockrell was hired in 1989 and later began working as a "feeder driver" in 2000, operating large tractor-trailers for the shipping company. He was terminated on April 19, 2007.

On December 15, 2000, Cockrell suffered a work-related accident, slipping on a staircase and rupturing two discs in his back.  Cockrell received treatment for his back, worked off and on over the next few years, and returned to work without restriction in 2003.

Due to chronic pain, various surgical procedures, and the effects of medication, Plaintiff missed all or parts of dozens of days of work over the next several years. Plaintiff additionally notes that in 2006 he weighed 357 pounds, and he has weighed as much as 380 pounds.  He has not applied for Social Security disability benefits.

Plaintiff complains of a hostile work environment because of his alleged disability. Among other slights, Plaintiff asserts that UPS supervisor Ronnie Wiegant ("Wiegant") told him, "If you weren't ready to come back to work, you should not be here," and "I can't run a company with drivers taking off whenever they want to."  Plaintiff asserts that UPS feeder manager Earl Greenstreet ("Greenstreet") said, "Wayne, if you can't do the job maybe you should think about doing something else."

Following a "no-damage" accident in November 2006, Plaintiff was notified of the company's intent to terminate him, but continued work.  Upon review, a union grievance panel in February 2007 found UPS wrongfully sought to terminate Cockrell. He received a warning letter instead of termination.

About 3 a.m. on April 14, 2007, Plaintiff was in an accident while returning to the UPS hub from Durant, Oklahoma—his third accident in seven months.  Cockrell

called UPS dispatch and reported a blown out tire, but the parties differ on whether he reported it as an accident.  The truck had extensive damage to its wheel rims as well as the tire damage.  Cockrell stated that his dizziness caused the accident and admits he had taken four 10 milligram tablets of methadone for pain relief within the previous eight hours.  He has also regularly taken hydrocodone for pain.

The next business day, UPS feeder manager Ben Muzechenko ("Muzechenko") obtained written statements from five supervisors and a mechanic regarding the accident. The supervisors stated that Cockrell only reported a tire blowout.  An electronic monitor from the truck showed Cockrell had been traveling at a high rate of speed at the time of the accident and then came to an abrupt stop.  Cockrell did not complete a written accident report.

Cockrell was represented by a labor union, Local 767 of the International Brotherhood of Teamsters.  The union and UPS had a collective bargaining agreement in place through July 31, 2008, covering various aspects of employment for bargaining unit employees, including Cockrell.  Article 52 of the collective bargaining agreement provides that a bargaining unit employee can be discharged immediately for commission of a serious infraction referred to as a "cardinal sin." "Failure to report an accident" is one of the specifically enumerated infractions.

Muzechenko terminated Cocrkell on April 19, 2007, citing his failure to report the accident.  Cockrell contested his dismissal through the grievance procedure specified

by the collective bargaining agreement.  His grievance was denied by a panel of UPS and Teamsters representatives in May 2007.

In December 2007, Cockrell filed a charge with the Equal Employment Opportunity Commission alleging he was fired because of a disability.  The EEOC dismissed his charged and issued Cockrell a Notice of Right to Sue.

Plaintiff now asserts claims for employment discrimination in violation of the Americans with Disabilities Act (ADA) because of his claimed disability, his employer's perception of his disability, and a hostile work environment.  Defendant claims Cockrell cannot show he is disabled under the statute, cannot show that its reason for termination was pretextual, or that he experienced a hostile work environment.

## II.    Legal Standard

Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 322–25.  Once a movant makes a properly supported motion, the burden shifts to the nonmovant to show that summary judgment should not be granted; the nonmovant may not rest upon the allegations in the pleadings, but must support the response to the motion with summary judgment

evidence showing the existence of a genuine fact issue for trial. *Id*. at 321–25; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255–57 (1986). All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant. *United States v. Diebold, Inc*., 369 U.S. 654, 655 (1962). The court is not obligated to comb the record in search of evidence that will permit a nonmovant to survive summary judgment. *Adams v. Travelers Indem. Co. of Conn.*, 465 F. 3d 156, 164 (5th Cir. 2006).

### III.   Analysis

A person is disabled under the ADA if he (1) has a physical or mental impairment that substantially limits one or more major life activities; (2) has a record of such impairment; or (3) is regarded as having such an impairment. *Bragdon v. Abbott*, 524 U.S. 624, 631 (1998); *Aldrup v. Caldera*, 274 F.3d 282, 286 (5th Cir. 2001). "Major life activities" refers only to those activities that are of central importance to daily life. *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 197 (2002). Recognized major life activities include caring for oneself, walking, seeing, hearing, and learning. *Id.* at 195; 45 C.F.R. § 84.3(j)(2)(ii). The ability to work is a "major life activity." *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 508 (5th Cir. 2003). In the work context,

> substantially limits means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.

*Dutcher v. Ingalls Shipbuilding*, 53 F.3d 723, 727 (5th Cir. 1995) (citing 29 C.F.R. § 1630.2(j)(3)(i)).  To "substantially" limit a major life activity, an impairment must be permanent or long term.  *Toyota*, 534 U.S. at 198.

"Under the ADA, discrimination need not be the sole reason for the adverse employment decision, [but] must actually play a role in the employer's decision making process and have a determinative influence on the outcome."  *Soledad v. U.S. Dep't of Treasury*, 304 F.3d 500, 503–04 (5th Cir. 2002).

### A.    Cockrell is Not Disabled under the ADA

UPS does not dispute that Plaintiff was impaired because of his back injury. Defendant does, however, dispute Cockrell's assertion that his impairment renders him disabled under the ADA.

Plaintiff states that, with varying degrees of difficulty, he can walk, sit, lift, bathe, dress, and do some household chores.  Plaintiff admits that he is able to walk around the block, mow his yard, bathe and dress himself, drive to interviews, and help around the house with laundry and dishes.  He has never received disability benefits or applied for them.

Since his termination by UPS, Plaintiff has applied for more than one-hundred jobs—mostly with trucking and transportation companies—indicating he does not consider himself to be substantially limited in the major life activity of working.  Plaintiff states that if UPS were to offer his job back, he could wash cars and refuel trucks: "I'm

kind of limited. But still, there are things that I could do." Thus, Plaintiff himself asserts that he is not substantially limited from working and directly contradicts his claims that he cannot stand for more than a minute or two at a time.

Cockrell additionally has claimed that he sometimes has trouble sleeping and caring for himself. Caring for oneself and sleeping are major life activities. *EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 616 (5th Cir. 2009). Plaintiff's medical records show he has been diagnosed with possible sleep apnea, but do not reference any problems he has had in caring for himself. Additionally, sleep apnea is not disabling without evidence that it substantially limits a major life activity. *See Taylor v. Blue Cross and Blue Shield of Texas, Inc.*, 55 F. Supp. 2d 604, 611 (N.D. Tex. 1999) (Buchmeyer, J.) (finding plaintiff's sleep apnea was not a disability within the meaning of the ADA). Plaintiff here has provided no such evidence. Additionally, "except in rare circumstances, obesity is not considered a disabling impairment." 29 C.F.R. pt. 1630 app. § 1630.2(j).

Plaintiff has not shown he is disabled within the meaning of the ADA. Thus, Plaintiff cannot make a prima facie case of discrimination under the ADA, and summary judgment is appropriate for Defendant UPS.

### i. Plaintiff was Not Regarded as Disabled

The ADA's definition of "disability" permit suits by plaintiffs who, though not actually disabled per § 12102(2)(A), are nonetheless "regarded as having such an

impairment." 42 U.S.C. § 12102(2)(C).  For an employee to be regarded as disabled, there must be evidence that the employer regarded that employee to be disabled as defined by the ADA.  *See Sutton*, 527 U.S. at 489.  Under the ADA, a plaintiff is "regarded as" disabled if he: (1) has an impairment which is not substantially limiting but which the employer perceives as substantially limiting; (2) has an impairment which is substantially limiting only because of the attitudes of others towards such an impairment; or (3) has no impairment at all but is regarded by the employer as having a substantially limiting impairment. *Bridges v. City of Bossier*, 92 F.3d 329, 332 (5th Cir. 1996).

Cockrell alleges that UPS regarded him as disabled in the major life activity of working.  Again, "working" covers a "class of jobs or a broad range of jobs in various classes." *Dutcher*, 53 F.3d at 727; *see also Forman v. Babcock and Wilcox Co.*, 117 F.3d 800, 805 (5th Cir. 1997) ("An employer does not necessarily regard an employee as having a substantially limiting impairment simply because it believes that she is incapable of performing a particular job.").  A plaintiff cannot succeed on the "regarded as disabled" element if the employer never limited job duties or hindered the employee's return to the full range of duties. *Gowesky*, 321 F.3d at 508.

Cockrell's evidence shows only that UPS was aware that his doctor recommended he be placed temporarily in a non-driving position.  When asked in a deposition whether

he contends that UPS regarded him as permanently disabled, Cockrell replied, "I don't know if they did or not.  I don't think they cared."

In the relevant time period, Cockrell worked for UPS on a fuel island and as a truck driver.  And at the time of the accident that led to his termination, Cockrell obviously was driving.  Thus, UPS did not hinder his return to full duty and did not regard him as having a substantially limiting impairment covering a broad range of jobs.

### ii.    The ADAAA is Not Retroactive for Damages Claims

Plaintiff has filed supplemental briefing with the Court in response to Defendant's summary judgment motion.   Noting Defendant's objection to these untimely supplements, the Court will nevertheless review Plaintiff's supplemental submissions for purposes of any appeal.  Plaintiff argues that the ADA Amendments Act of 2008, which became effective on January 1, 2009, Pub.L. No. 110-325, § 8, 122 Stat. 3553, broadens the scope of the ADA and allows the Court to utilize a broader conception of "disability."  The Court finds, however, the amendments do not apply retroactively to govern conduct occurring before 2009.

In the ADA Amendments Act, Congress made clear that it intends for the ADA to give broad protection to persons with disabilities Congress amended the portion of the ADA governing construction of the term "disability," such that "[t]he definition of disability in this Act shall be construed in favor of broad coverage of individuals under this Act, to the maximum extent permitted by the terms of this Act" and "[t]he term

'substantially limits' shall be interpreted consistently with the findings and purposes of the [Act]." 42 U.S.C. § 12102(4)(A), (B) (2006) (amended 2009).

Plaintiff cites *Jenkins v. National Bd. of Medical Examiners*, 2009 WL 331638 (6th Cir. Feb. 11, 2009), for the proposition that the more liberal construction of the ADAAA may be applied to his case.  As Defendant correctly notes, however, *Jenkins* involved a plaintiff seeking prospective relief—an injunction regarding a future event—rather than a suit for damages. *Jenkins*, 2009 WL 331638, at *1 ("Because Jenkins seeks prospective relief, no injustice would result from applying the amended law.")  Suits for damages are necessarily retrospective, and the ADAAA may not be applied retroactively to such suits under precedent in the Fifth Circuit and elsewhere.  *See E.E.O.C. v. Agro Distribution, LLC*, 555 F.3d 462, 469 n.8 (5th Cir. 2009) (finding the ADAAA "changes do not apply retroactively"); *Milholland v. Sumner County Bd. of Educ.*, — F.3d — , 2009 WL 1884376 (6th Cir. July 2, 2009) ("The recently-enacted ADA Amendments Act of 2008 does not govern this case because its application would have the type of impermissibly retroactive effect that requires a clearly-stated congressional intent.").  In addition to the Fifth Circuit, courts appear to have unanimously agreed that the ADAAA does not apply retroactively in suits for damages.  *See Milholland*, 2009 WL 1884376 (citing *Caronia v. Hustedt Chevrolet*, No. 05-3526, 2009 WL 909729, at *8 (E.D.N.Y. Apr. 1, 2009); *Amorosi v. Molino*, No. 06-5524, 2009 WL 737338, at *4 n.7 (E.D. Pa. Mar. 19, 2009); *Supinski v. United Parcel Serv., Inc.*, No. 3:CV-06-0793, 2009 WL 113796, at *5 n.6

(M.D. Pa. Jan. 16, 2009); *Rudolph v. U.S. Enrichment Corp.*, No. 5:08-CV-00046-TBR, 2009 WL 111737, at *6 (W.D. Ky. Jan. 15, 2009)).

The conduct at issue in this case occurred before the ADA Amendments Act became effective. Thus, Plaintiff may not rely on these recent amendments to support his claim for damages based on past acts of discrimination.

### iii.    Failure to Accommodate

The Court may not consider Plaintiff's alternative failure-to-accommodate theory, raised for the first time in response to Defendant's instant motion. As it was not plead in his Complaint, Plaintiff may not raise such a claim in his response. The claim further appears procedurally barred, as Plaintiff filed no administrative charge regarding the alleged conduct. In any event, "[i]t is the plaintiff's burden to request reasonable accommodations." *Jenkins v. Cleco Power, LLC*, 487 F.3d 309, 315 (5th Cir. 2007). Plaintiff has not shown that he requested accommodations other than seeking light duty upon his return from the injury he suffered in 2000 and copious amounts of time off from work—requests that were granted repeatedly by UPS.

### B.    Plaintiff has Presented No Evidence of Pretext

Plaintiff alleges that UPS made its decision to fire him based on incorrect facts. He appears to contend that Plaintiff's stated reason for firing him—the unreported accident—was merely pretext for unlawful disability discrimination.

If a plaintiff offers only circumstantial evidence to prove a violation of the ADA, a court should apply the familiar *McDonnell Douglas* burden-shifting framework. *Chevron Phillips*, 570 F.3d at 615. Once an ADA claimant has laid out a prima facie case of discrimination, the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its decision. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). If the defendant does so, the plaintiff then must show that the defendant's nondiscriminatory reason is mere pretext, and that discriminatory intent actually motivated the defendant. *Id.*

To establish his prima facie case under the ADA, Plaintiff must prove that he is disabled under the ADA, that he was otherwise qualified for his job, that an adverse employment decision was made on account of his disability or perception of his disability, and he was replaced by or treated less favorably than non-disabled employees. *Chevron Phillips*, 570 F.3d at 615. As stated, Plaintiff was not disabled under the ADA. Furthermore, he has not shown the employment decision by UPS was made on account of a perceived disability, and he has made no comparison to other, non-disabled employees.

UPS presented a legitimate non-discriminatory reason for Cockrell's termination: failure to report an accident. UPS investigated the incident, found no evidence that Cockrell reported the accident, and fired him in accordance with the terms of the collective bargaining agreement. Although Plaintiff claims he reported the accident, he

presents no evidence to show otherwise.  Plaintiff cites cell phone records that show he called UPS dispatch after the accident.  The statements by his supervisors, however, reflect that he only told them his tires had blown out.  Muzechenko, Cockrell's manager and the decisionmaker with respect to his termination, relied on these statements in reaching the decision to terminate Plaintiff.  Plaintiff has offered no evidence that Muzechenko knew these statements to be untrue or displayed any discriminatory intent. *See Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1091 (5th Cir. 1995) ("The question is not whether an employer made an erroneous decision; it is whether the decision was made with discriminatory motive").  Consequently, he cannot show pretext.

### C.   Hostile Work Environment

Cockrell additionally contends that he suffered a hostile work environment at UPS.  To prevail on a hostile work environment claim under the ADA, Cockrell must prove that (1) that he belonged to a protected group; (2) that he was subjected to unwelcome harassment; (3) that the harassment was based on his disability or disabilities; (4) that the harassment affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt, remedial action.  *Flowers v. Southern Regional Physician Services Inc.*, 247 F.3d 229, 235–236 (5th Cir. 2001).  Moreover, "the disability-based harassment must be sufficiently pervasive or severe to alter the conditions of employment and create an abusive working environment." *Id.* at 236.  In determining

whether a work environment is abusive, courts consider the entirety of the evidence, including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance. *Id.* at 236 (internal citation omitted).

As the Court has determined, Plaintiff has not demonstrated that he had a disability or that he was perceived as having a disability. Even if he came within the ADA's ambit, Plaintiff's citations to statements such as those by Wiegant and Greenstreet do not amount to harassment.

Plaintiff did not complain of harassment in the EEOC charge filed in 2007. As Defendant notes, the alleged hostile work environment harassment Cockrell now claims in this lawsuit is not something that could be "reasonably be expected to grow out" of the initial charge of disability discrimination. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 465-66 (5th Cir. 1970). Plaintiff's harassment claim additionally appears time-barred: "Under the ADA, a plaintiff must file a charge of discrimination within 300 days of the alleged discriminatory act." *Ramirez v. City of San Antonio*, 312 F.3d 178, 181 (5th Cir. 2002); *see also* 42 U.S.C. § 12117 (incorporating 42 U.S.C. § 2000e-5(e)). Plaintiff complains of statements made to him in 2003, yet he filed the charge in 2007, well beyond the limitations period. Plaintiff has made no argument in favor of equitably tolling the limitations period.

## IV.    Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant UPS' motion for summary judgment.  A separate judgment will issue.

**SO ORDERED.**

Signed August 7th, 2009.


_Ed Kinkeade_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE